## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CIV-61411-RAR

**VERONICA APPLEBY,** *et al.*,

      Plaintiffs,

v.

**KNAUF GIPS KG,** *et al.*,

      Defendants.

_____/

### ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd.'s (the "Knauf Defendants") Motion to Dismiss Amended Complaint for Failure to State Claim or, in the alternative, Motion to Strike Immaterial and Impertinent Allegations ("Motion"), [ECF No. 64], filed on April 24, 2023.[1]  Having considered the Knauf Defendants' Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion, [ECF No. 64], is **GRANTED IN PART AND DENIED IN PART** for the reasons stated herein.

### BACKGROUND

The Court assumes the parties' familiarity with the facts and incorporates the factual background provided in its Order Granting in Part Defendants' Motion to Dismiss ("Order"), [ECF No. 46].  After the Court issued its Order, Plaintiffs filed an Amended Complaint, [ECF No. 56], and the Knauf Defendants filed the instant Motion.

---

[1] The Motion is fully briefed and ripe for adjudication.  *See* Pls.' Opp'n to Knauf Gips KG and Knauf New Building System (Tianjin) Co. Ltd.'s Mot. to Dismiss for Failure to State a Claim ("Response"), [ECF No. 66]; Defs.' Reply in Supp. ("Reply"), [ECF No. 67].

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When determining if a complaint states a plausible claim, the court draws all inferences in the plaintiff's favor.  *Smith v. United States*, 873 F.3d 1348, 1351 (11th Cir. 2017).  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), or allegations that are "more conclusory than factual."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## ANALYSIS

### I.  Discovery Rule

The Court previously ordered Plaintiffs to amend the "Discovery Rule" section of their initial complaint after they failed to respond to the Knauf Defendants' argument that they must allege further detail about their diligence and discovery of their claims.  *See* Order at 9–10.  On Plaintiffs' default of this argument, the Court held that "if Plaintiffs intend to rely on a discovery rule, they must include factual allegations relating to when they discovered their claims and their diligence," *id.*, because "a plaintiff must plead sufficient facts to show the time of . . . discovery and to support [the plaintiff's] diligence." *See Varner v. Domestic Corp.*, No. 16-22482, 2017 WL 3730618, at *9 (S.D. Fla. Feb. 7, 2017).  But the Amended Complaint contains the same "Discovery Rule" section as the initial complaint.  *Compare* Compl., [ECF No. 1] ¶¶ 45–47, *with* Am. Compl. ¶¶ 45–47.  The Knauf Defendants now seek to preclude Plaintiffs from relying on a discovery rule due to Plaintiffs' failure to comply with the Order.  Mot. at 4.

Because Plaintiffs did not cure this deficiency, the Court will once again require repleading. Amendment does not appear futile, however, because Plaintiffs claim they will "provide specific information in their Plaintiff Profile Forms . . . in the near future." Resp. at 2–3. Therefore, a dismissal with prejudice to Plaintiffs' ability to rely on a discovery rule is unwarranted. And in granting leave, the Court notes that Plaintiffs must only plead "sufficient facts to show the time of . . . discovery." *Varner*, 2017 WL 3730618, at *9. But Plaintiffs must comply with the Order and amend this section.

## II. Duplicative Claims

Defendants move to dismiss Plaintiffs' claim for Negligence Per Se (Count II) as duplicative of their Strict Liability claim (Count III) and Plaintiffs' Negligent Discharge of a Corrosive Substance claim (Count V) as duplicative of their Negligence claim (Count I). *See* Mot. at 4–5. The Court agrees as to Count V but finds dismissal of Count II premature.

"To promote judicial economy, a court should dismiss claims that are duplicative of other claims." *Manning v. Carnival Corp.*, No. 12-22258, 2012 WL 3962997, at *2 (S.D. Fla. Sept. 11, 2012) (internal quotation marks and citation omitted). Whether duplicative claims should be challenged via a Rule 12(b)(6) or Rule 12(f) motion is of some debate. *See Nat'l Ins. Consulting Grp. v. Kandel*, No. 19-22373, 2020 WL 13389742, at *2 (S.D. Fla. Jan. 15, 2020). But "courts in this district routinely consider the redundancy or duplicative nature of claims on a motion brought pursuant to Rule 12(b)(6)." *Id.* (citing cases). Claims are duplicative when they rely on identical allegations, are decided under the same legal standard, and provide identical relief. *Id.*

The Court has identified, and Plaintiffs have provided, no authority suggesting "negligent discharge of a corrosive substance" is a standalone tort under Florida law. Therefore, this claim

would be analyzed under the same standard as Plaintiffs' negligence claim, and comparing their respective sections within the Amended Complaint it is clear Count V and Count I are premised on the same factual allegations.  *See also Karpel v. Knauf Gips KG*, No. 21-24168, 2022 WL 4366946, at *3 (S.D. Fla. Sept. 21, 2022) (holding claim for negligent discharge of a corrosive substance "fail[ed] as duplicative" of negligence claim).  Accordingly, Count V must be dismissed as duplicative.

In contrast, the Court will not dismiss Plaintiffs' negligence per se claim as duplicative of their strict liability claim.  These are both standalone torts under Florida law with different legal standards.  Strict products liability based on a design or manufacturing defect requires the plaintiff to "plead three elements: (1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; [and] (3) causation between the defect and the harm suffered by the user."  *Dye v. Covidien LP*, 470 F. Supp. 3d 1329, 1334 (S.D. Fla. 2020) (citation omitted).  A negligence per se claim arises when there is a "violation of a statute which establishes a duty upon a party to take precautions to protect a particular class of persons from a particular injury or type of injury."  *Zarrella v. Pacific Life Ins. Co.*, 755 F. Supp. 2d 1218, 1228 (S.D. Fla. 2010) (quoting *Hesterly v. Royal Caribbean Cruises Ltd.*, 515 F. Supp. 2d 1278, 1287 n.6 (S.D. Fla. 2007)).  While further factual development might ultimately reveal these claims are duplicative, the Court will not consolidate them at this stage.

### III.  Private Nuisance

The Knauf Defendants next move to dismiss Plaintiffs' private nuisance claim because Plaintiffs own the at-issue drywall.  Mot. at 5–6.  Plaintiffs did not respond to this argument, so the Court assumes they do not oppose this relief.  *See Jones v. Bank of Am., N.A.*, 564 F. App'x

432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed." (alteration accepted) (citation omitted)).

Nevertheless, the Court is satisfied dismissal is warranted.  Under Florida law, a nuisance is "[a]nything which annoys or disturbs one in the free use, possession, or enjoyment of his property, or which renders its ordinary use or occupation physically uncomfortable." *See Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954) (quoting *Knowles v. Cent. Allapattae Props.*, 198 So. 819, 822 (Fla. 1940)).  However, "the law of private nuisance is bottomed on the fundamental rule that every person should so use *his own property* as not to injure that of another." *Id.* (emphasis added). Private nuisance is "not . . . an additional type of consumer protection for purchasers of realty." *Jerue v. Drummond Co.*, No. 8:17-cv-587-T-17AEP, 2017 WL 10876737, at *13 (M.D. Fla. Aug. 17, 2017) (citation omitted).  Therefore, because Plaintiffs allege they own the properties at issue, *see* Am. Compl. ¶¶ 4–19, they cannot maintain a claim for private nuisance. *See Karpel*, 2022 WL 4366946, at *8 ("The Plaintiffs' ownership and current control over the drywall conclusively forecloses them from arguing that the Defendants actively 'maintain' the 'nuisance' they complain of.").  Plaintiffs' private nuisance claim in Count IV must be dismissed.

### IV.  Consumer Product Safety Act Allegations

Finally, the Knauf Defendants move to dismiss Plaintiffs' allegations that the Knauf Defendants violated the Consumer Product Safety Act ("CPSA") because the CPSA does not provide a private right of action.  Mot. at 6.  Alternatively, Defendants move to strike these allegations if they are not intended to establish a standalone claim.  *Id.*  As is clear from the Amended Complaint—and confirmed in Plaintiffs' Response—Plaintiffs are not seeking redress for a private right of action arising under the CPSA, and therefore there is no claim to dismiss. Resp. at 6.  Instead, Plaintiffs claim these allegations relate to negligence per se and punitive

damages. *Id.* While the Knauf Defendants contest the relevance of these allegations to both negligence per se and punitive damages, *see* Reply at 4–5, the Court declines to strike these allegations. Granting a motion to strike is a "drastic remedy" that courts disfavor. *Ledesma v. Ross Dress for Less, Inc.*, No. 20-20405, 2020 WL 13388299, at *2 (S.D. Fla. Sept. 14, 2020) (citing *Regions Bank v. TBG & CC Recreation, LLC*, No. 10-80366, 2010 WL 3292909, at *1 (S.D. Fla. Aug. 19, 2010)). A court should only grant a motion to strike "when required for the purposes of justice," and "when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Here, whether or not the alleged violations of the CPSA may properly support claims for negligence per se or punitive damages—an issue the Court need not decide at this time—it is clear these allegations relate to this matter and striking them is unwarranted.

## CONCLUSION

For the foregoing reasons, the Knauf Defendants' Motion, [ECF No. 64], is **GRANTED IN PART AND DENIED IN PART** as follows:

1.      Counts IV and V are **DISMISSED WITH PREJUDICE**.

2.      Plaintiffs must file a Second Amended Complaint with an amended "Discovery Rule" section on or before **June 16, 2023**.

**DONE AND ORDERED** in Miami, Florida, this 5th day of June, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**